UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| COURTNEY SENEGAL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ERIC SENEGAL<br>　　　　Plaintiff<br><br>Vs.<br><br>BEAUREGARD PARISH SHERIFF'S OFFICE, RICKY MOSES-BEAUREGARD PARISH SHERIFF, IN HIS INDIVIDUAL CAPACITY AND IS HIS CAPACITY AS SHERIFF, DEPUTY BERRY THOMPSON, IN HIS INDIVIDUAL CAPACITY, DEPUTY SAUL WILSON, IN HIS INDIVIDUAL CAPACITY, DEPUTY OSCAR LOPEZ, IN HIS INDIVIDUAL CAPACITY, DEPUTY DALE SHARP, IN HIS INDIVIDUAL CAPACITY, DEPUTY FREDDIE DOYLE, IN HIS INDIVIDUAL CAPACITY, DEPUTY GREG CRAIN, IN HIS INDIVIDUAL CAPACITY, DEPUTY BRIAN LEEDOM, IN HIS INDIVIDUAL CAPACITY, DEPUTY BRAD HAMPTON, IN HIS INDIVIDUAL CAPACITY, DEPUTY WILLIAM MARTIN, IN HIS INDIVIDUAL CAPACITY, DEPUTY NICK MORRIS, IN HIS INDIVIDUAL CAPACITY, DEPUTY ROBERT MORELAND, SR., IN HIS INDIVIDUAL CAPACITY, OFFICER JOSHUA, STANDFORD, IN HIS INDIVIDUAL CAPACITY<br>　　　　Defendants<br><br>_____<br>FILED ON | :<br><br><br><br>:<br><br><br><br><br><br><br><br><br>:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>:<br><br><br> | CIVIL ACTION NO, 16-1756<br><br><br><br><br><br><br><br><br><br><br><br>JUDGE: PATRICIA MINALDI<br><br>MAGISTRATE JUDGE:<br>KATHLEEN KAY |

## **COMPLAINT**

The Complaint of Courtney Senegal, a person of majority and who is domiciled in Allen Parish, State of Louisiana, respectfully represents the following:

1.

`       Made Defendants herein are:

i)       **Beauregard Parish Sheriff's Office,** by and through Sheriff Ricky Moses in his capacity as the Sheriff of Beauregard Parish, Louisiana, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

ii)      **Ricky Moses,** in his individual capacity, the parish sheriff for Beauregard Parish, Louisiana, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

iii)     **Deputy Saul Wilson,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

iv)      **Deputy Berry Thompson,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

v)       **Deputy Oscar Lopez,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

vi)      **Deputy Dale Sharp**, in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

vii)     **Deputy Freddie Doyle,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

viii)    **Deputy Greg Crain,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business

at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

ix) **Deputy Brian Leedom,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

x) **Deputy Brad Hampton,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

xi) **Deputy William Martin,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

xii) **Deputy Nick Morris,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana;

xiii) **Deputy Robert Moreland,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana; and

xiv) **Officer Josh Standford,** in his individual capacity, a person of the age of majority and resident of DeRidder, Louisiana, who may be served at his place of business at the Beauregard Parish Sheriff's Office, 412 Bolivar Bishop Drive, DeRidder, Louisiana.

<u>JURISDICTION AND VENUE</u>

2.

Jurisdiction is founded in this matter under 28 U.S.C.A. § 1331, as this is a Civil Rights action pursuant to 42 U.S.C.A. § Civil 1983, and § 1988, along with attendant Louisiana State Law claims, and venue is proper under 28 U.S.C.A. § 1391 as all defendants reside in this

judicial district, as well as a substantial part of the events giving rise the claim took place in this judicial district.

## FACTUAL ALLEGATIONS

3.

On or about January 4, 2016, and at all times attendant to the events pertaining to this Complaint up to and including the time of the Constitutional and State Law violations alleged herein, Eric Senegal was at his home located at 401 Gene Stanley Road, Ragley, LA 70657.

4.

On or about January 4, 2016, Deputy Berry Thompson presented an Application for Sworn Proof of Probable Cause for the Issuance of a Search Warrant to the Honorable Judge Martha Oneal for execution and issuance of a "no knock" search warrant on the premises of Eric Senegal's home, located at 401 Gene Stanley Road, Ragley, LA 70657.

5.

The aforementioned Application for Sworn Proof of Probable Cause for the Issuance of a "no knock" Search Warrant averred, *inter alia*, that Deputy Berry Thompson received "reliable" information from a confidential informant ("CI") that Eric Senegal sold the CI marijuana on December 30, 2015; and that a "concerned citizen" contacted the Beauregard Parish Sheriff's Office, on January 4, 2016, stating that the concerned citizen had visited Eric Senegal's home to confront him about drugs and Eric Senegal pulled a sawed off shotgun on him.

6.

The said Application for Sworn Proof of Probable Cause for the Issuance of the subject "no knock" Search Warrant failed to include, for the benefit of the signing judge, that the affiant, Berry Thompson was unable to corroborate any of the information provided by the CI on

December 31, 2015; neither did the affiant advise the signing judge that an attempt by the CI and the affiant to set up a controlled buy had failed, and that no other credible evidence had ever been supplied to support the notion that the information obtained from the CI on December 31, 2015, was "reliable."

7.

Additionally, the said Application for Sworn Proof of Probable Cause for the Issuance of the subject "no knock" Search Warrant failed to include, for the benefit of the signing judge, that the information received from the purported "concerned citizen" was received from an anonymous unreliable caller, whose identity, contact information, and veracity was not known to the affiant, and that attempts to contact the caller and corroborate any of the purported information was unsuccessful and futile, prior to obtaining a search warrant.

8.

Probable cause did not exist for the issuance of the subject "no knock" search warrant. To the contrary, the affiant, Berry Thompson, obtained the search warrant by means of fraud, misrepresentation, mischaracterization, and withholding of pivotal and indispensable information as to the unreliability of the information, which formed the basis for the affiant's purported probable cause, all of which was calculated to mislead the signing judge.

9.

On January 4, 2016, a "no knock" search warrant issued for the search of the residence of Eric Senegal, located at 401 Gene Stanley Road, Ragley, LA 70657, despite the fact that no member of law enforcement had witnessed, or received any reliable information that Eric Senegal engage in any activity that was illegal or in violation of any state law or statute during

the period of time referenced herein as justification for the Defendants conduct complained of in this Complaint.

10.

During the execution of the warrant at nighttime, on January 4, 2016 by the Beauregard Parish Narcotics Task Force and the Beauregard Parish SWAT Team, officers forcibly entered the home of Eric Senegal and fired numerous shots striking and fatally wounding both Eric Senegal and his dog. It alleged that no probable cause existed to justify the issuance of the search warrant and that said search warrant was issue in violation of La C. Cr. P. Article 162 as well as various constitutional protections delineated herein, including, but not limited to the 4th and 14th Amendments of the U.S. Constitution.

11.

Essentially, Defendant Thompson swore out an affidavit in support of a search warrant of Eric Senegal's residence located at 401 Gene Stanley Road, Ragley, Louisiana, which affidavit contained numerous inaccuracies, false statements, false characterizations, and gross omissions pertaining to the information purportedly conveyed to Defendant Thompson by the CI, all of which could not be corroborated in an attempt to inculpate Eric Senegal in drug activity. Furthermore, the deficiencies in the affidavit as it relates to the reliability of the unknown and uncorroborated "concerned citizen" contained inaccuracies, false statements, false characterizations, and gross omissions, all available and known to Defendant Thompson, but not honestly relayed to the signing judge.

12.

Deputy Saul Wilson, the supervisor of the Beauregard Parish Narcotics Task Force, approved the search warrant and affidavit for presentation to the Court as Deputy Thompson's supervising officer when he knew or should have known of the legal and factual deficiencies and omissions contained therein. Berry Thompson's and Saul Wilson's conduct in securing the no knock warrant for the home of Eric Senegal without a single shred of corroboration is a clear violation of his fourth amendment right to be secure in his home from unreasonable search and seizure of his home and person.

13.

Further, Deputy Thompson's search warrant affidavit was invalid in establishing probable cause as it failed to articulate any, reliable basis upon which the information imported by the CI or the unknown "concerned citizen," in addition to its other deficiencies, as required by clearly established law for many years in the cases of *Aguilar v. Texas* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. U.S.* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *State v. Tate* 407 So.2d 1133, 1137 (La. 1981); thus no reasonably prudent police officer could review Deputy Thompson's search warrant and conclude that such was an objectively reasonable basis upon which to either seek an arrest warrant for Eric Senegal's residence as none of the information contained in the Application for Sworn Proof of Probable Cause had been corroborated and as such no Defendants are entitled to qualified immunity.

14.

Deputy Thompson's actions and Deputy Wilsons approval of Thompson's actions, of obtaining a search warrant for Eric Senegal's residence on January 4, 2016, without probable cause and in misleading the Court to obtain the same are in violation of Louisiana and Federal

Law, was in the custom and/or established policy of Beauregard Parish Sheriff's Office, and such errant custom and/or policy was the direct cause of unlawful search and seizure of the Eric Senegal's home and property and, most importantly, the deaths of Eric Senegal and his dog.

15.

The Beauregard Parish Sheriff's Office has an official policies in place related to drafting and review of affidavits and search warrants, body cameras, execution of search warrants, SWAT team procedures, *inter alia*, all of which, if followed, could have avoided the fatal shooting of Eric Senegal and his dog.

16.

Pursuant to a search warrant obtained by Deputy Thompson that he knew or should have known to be improperly obtained as explained more particularly above, Deputies Robert Moreland, Dale Sharp, Oscar Lopez, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Officer Josh Standford, some of whom were not dressed in clothing that would clearly identify them as law enforcement, arrived unexpectedly and unannounced at the residence of Eric Senegal located at 401 Gene Stanley Road in Ragley, LA, activated flash bangs, made forcible entry with their weapons drawn and immediately began firing shots into the home. These acts individually and in concert constituted an assault and a violation of Eric Senegal's rights under the 4th and 14th Amendments of the U.S. Constitution. .

17.

Pursuant to a search warrant obtained by Deputy Thompson that Deputy Thompson knew or should have known to be improperly obtained as explained more particularly above, Deputies Dale Sharp and Oscar Lopez intentionally fired lethal and fatal shots into the body of Eric

Senegal without his consent, killing him without his consent. said acts individually and in concert constituted a battery and a violation of Eric Senegal's rights under the 4th and 14th Amendments of the U.S. Constitution.  Defendants Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford, subsequent to the killing of Eric Senegal, upon information and belief, conspired to misrepresent the facts of the shooting, obstruct the criminal investigation, circumvent standard policy and procedure associated with police involved shootings, failed to preserve the crime scene so as to not allow evidence to become contaminated, and field to provid proper medical assistance to the victim, Eric Senegal.

18.

Deputy Saul Wilson acted in concert with Deputy Berry Thompson in conspiring to unlawfully search the residence of Eric Senegal when Deputy Saul Wilson knew or should have known, due to the supervisory capacity of Deputy Saul Wilson, that the affidavit and search warrant were illegal and unlawful as set forth above.  Deputy Thompson further conspired with members of the SWAT Team, namely Freddie Doyle who lead the mission, Dale Sharp who had supervisory authority, and Oscar Lopez a team leader who had leadership responsibilities, in failing to conduct an accurate risk assessment and composing the proper strategy under the circumstances, prior to executing the search warrant.

19.

The intentional conduct of Berry Thompson, Saul Wilson, Dale Sharp, Oscar Lopez, and Freddie Doyle as listed above, both individually and in concert, was malicious and in reckless and wanton disregard for the Constitutional Rights of Eric Senegal, and was arbitrary and capricious conduct by government officials which shocks the conscience.  Said acts transgress

the fundamental root and traditional liberty and substantive due process embedded in the Constitutional protections which protects all citizens of the United States of America, including Eric Senegal.

20.

Sheriff Ricky Moses is responsible for the hiring and adequately training of his employees. Specifically, Sheriff Ricky Moses either hired, or maintained in his employ, Defendants Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford. Said hiring, entrustment, and lack of training are the direct and proximate cause of Eric Senegal's death, and the violation of his Constitutional Rights.

COUNT I

21.

The actions of Defendants Ricky Moses, Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford either individually, or in concert, violated the Federal Constitutional rights, and Civil Rights of Eric Senegal pursuant to the 4th and 14th Amendments of the United States Constitution, and the actions of the Defendants were in reckless disregard for Eric Senegal's Constitutional and Civil Rights.

22.

The actions of Defendants Ricky Moses, Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford violated the Constitutionally protected Civil Rights of Eric Senegal, while the Defendants were acting under color of law, and claim is made herein

for compensatory damages, punitive damages, and attorneys fees under 42 U.S.C.A. § Civil 1983, and § 1988.

## COUNT II

23.

The actions of Defendants Ricky Moses, Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford constituted official and final policy directives and decisions for the Beauregard Parish Sheriff's Office, the Narcotics Task Force and the SWAT Team, under color of law, which foreseeably and directly caused the violation of the Constitutional Rights of Eric Senegal such that Beauregard Parish Sheriff's Office is liable for compensatory damages and attorney's fees under 42 U.S.C.A. § Civil 1983, and § 1988, and pursuant to Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## COUNT III

24.

The actions of Defendants Ricky Moses, Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford described above in executing Berry Thompson's unlawful search warrant, either individually or in concert, violated Eric Senegal's Louisiana State Constitutional Rights under the Louisiana Constitution of 1974 Article I, Sections 5 and 6.

COUNT IV

25.

The actions of Defendants Ricky Moses, Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford in planning and executing Berry Thompson's search warrant, and killing Eric Senegal, either individually or in concert violated Louisiana law, as such acts committed the torts of assault, battery, and violated LSA-C.C. Art. 2315, and 2315.1.

COUNT V

26.

The directives initiated by Saul Wilson, Berry Thompson, Dale Sharp, Freddie Doyle, and Oscar Lopez were intentionally and/or negligently conceived, as Saul Wilson and Berry Thompson were responsible for the initial investigation and obtaining a valid and lawful search warrant, if necessary, and Dale Sharp, SWAT Commander, delegated commanding authority to Freddie Doyle and leadership responsibilities to Oscar Lopez, all of whom intentionally, maliciously, grossly negligently, or negligently pass down directives to their subordinates to execute, and such acts were the direct cause of the unlawful search and seizure of Eric Senegal's residence, and his forthcoming death.

COUNT VI

27.

Sheriff Ricky Moses is responsible for the hiring and adequately training of his employees.  Specifically, Sheriff Ricky Moses either hired, or maintained in his employ, Defendants Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg

Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford.  Said hiring, entrustment, and lack of training are the direct and proximate cause of Eric Senegal's death.  Upon information and belief, some of the listed deputies have been previously involved in police involved shootings and have been negligently entrusted into the community, knowing of the risks associated with their continued employment in such capacity.

COUNT VII

28.

Under Louisiana law, the negligent and civilly unlawful conduct of the employees and agents of the Beauregard Parish Sheriff's Office for violations of Louisiana law, renders the Beauregard Parish Sheriff's Office *respondeat superior* liable for the tortious conduct of the defendants and for all compensatory damages suffered by Eric Senegal.

COUNT VIII

29.

Complainant, Courtney Senegal, as administrator of the Estate of Eric Senegal, would also show that as a result of the intentional and negligent acts of the Defendants, Eric Senegal sustained fatal injuries, however he was in severe pain and suffered severe mental anguish, and she incurred funeral expenses for which she is entitled to be compensated.

30.

Complainant, Courtney Senegal, as the administrator of the Estate of Eric Senegal, would also show that Eric Senegal was forced to endure great conscious pain and suffering as a result of the injuries he received prior to his death.  The action survives and can be brought by the surviving spouse pursuant to LSA Civil Code Article 2315.1.  Complainant also claims damages on behalf of Eric Senegal for conscious pain and suffering under 42 U.S.C. Section 1983.

COUNT IX

31.

Complainant, Courtney Senegal, claims damages for the wrongful death of Eric Senegal and for the loss of his income, services, protection, care, assistance, comfort, guidance, and counsel, and for funeral and burial expenses under 42 U.S.C. Section 1983, and the wrongful death provisions contained in LSA Civil Code Article 2315.2.

32.

The Complainant hereby requests a jury trial as to all issues.

WHEREFORE, Courtney Senegal, Individually and as Administrator of the Estate of Eric Senegal, prays that after due proceedings had, there be a judgment herein in favor of the Complainant, Courtney Senegal, Individually and as Administrator of the Estate of Eric Senegal and against:

1) the Defendants, Beauregard Parish Sheriff's Office, and Sheriff Ricky Moses, in his official capacity, jointly, severally, and *in solido* in an amount commensurate with sustained compensatory damages, and attorney fees, together with legal interest thereon all of those amounts, including attorneys fees, from the date of judicial demand until paid, and for all costs of these proceedings; and

2) Sheriff Ricky Moses, Berry Thompson, Saul Wilson, Oscar Lopez, Dale Sharp, Freddie Doyle, Greg Crain, Brian Leedom, Brad Hampton, William Martin, Nick Morris, Robert Moreland, and Josh Standford all in their individual capacities, jointly, severally, and *in solido* in an amount commensurate with sustained compensatory damages, punitive damages, and attorney fees, together with legal interest thereon all

of those amounts, including attorneys fees, from the date of judicial demand until paid, and for all costs of these proceedings; and

3) Complainant further prays for a trial by jury as to all issues and for all other equitable relief for which justice and the law requires.

                                        Respectfully Submitted,

                                        __s/Derrick D. Kee_____
                                        Derrick D. Kee, Bar Roll 29930
                                        derrick@hawkinskee.com

                                        __s/ Brent Hawkins_____
                                        Brent Hawkins, Bar Roll 30547
                                        brent@hawkinskee.com

                                        HAWKINS KEE LAW GROUP
                                        1417 Hodges Street
                                        Lake Charles, LA  70601
                                        (337) 210-8811 Office
                                        (337) 210-8855 Facsimile
                                        Attorneys for Complainant