UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COURTNEY SENEGAL, ET AL.** | : | **DOCKET NO. 16-cv-1756** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **BEAUREGARD PARISH SHERIFF'S OFFICE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 15] filed pursuant to Federal Rule of Procedure 12(b)(6) by the Beauregard Parish Sheriff's Office ("BPSO"). This motion was filed in response to the amended civil rights complaint brought by plaintiff Courtney Senegal, individually and on behalf of the estate of Eric Senegal, against the BPSO, the City of DeRidder, and several BPSO officers. Doc. 11.

The BPSO now moves to have all claims against it dismissed on the basis that it is not a juridical entity under Louisiana law, and is therefore not a proper party to this suit. Doc. 15, att. 1. No opposition has been filed to the motion. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

A motion to dismiss filed pursuant to Rule 12(b)(6) should be granted where the plaintiff fails to state a claim on which relief may be granted. According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. It is well settled, under these standards, that parish sheriff's offices are incapable of being sued.

*E.g.*, *Price v. Orleans Parish Sheriff's Office*, 2016 WL 6477035, *2 (E.D. La. Jul. 22, 2016) (citing *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988)). Therefore, as the BPSO argues, plaintiffs in this matter cannot maintain any claims against it. Accordingly, the Motion to Dismiss [doc. 15] should be **GRANTED** and all claims against the BPSO **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6). *See*, *e.g.*, *Williams v. St. Charles Parish Sheriff's Office*, 2010 WL 4703410 (E.D. La. May 26, 2010).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 16th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE