UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COURTNEY SENEGAL, ET AL.** | : | **DOCKET NO. 16-cv-1756** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **BEAUREGARD PARISH SHERIFF'S OFFICE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 19] filed pursuant to Federal Rule of Procedure 12(b)(6) by defendant John Gott, seeking to have the claim raised against him dismissed at plaintiff's cost. This motion was filed in response to the amended civil rights complaint brought by plaintiff Courtney Senegal ("Senegal"), individually and on behalf of the estate of her husband, Eric Senegal ("decedent"), against the Beauregard Parish Sheriff's Office, the City of DeRidder, and several officers. Doc. 11. Senegal opposes the motion. Doc. 25.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 19] be **GRANTED** and that the claim made against Gott in his official capacity be **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

**I.**
**BACKGROUND**

This suit arises from a no-knock warrant issued on January 4, 2016, for the search of decedent's home in Ragley, Louisiana. Doc. 11, pp. 4–6. Senegal alleges that the warrant was

obtained based on misrepresentations in the affidavit and that, even with these misrepresentations, the affidavit failed to establish a basis for probable cause. *Id.* at 4–9. During the execution of that search warrant, she alleges that law enforcement officers forcibly entered the decedent's home and fired numerous shots which fatally wounded the decedent and his dog. *Id.* at 9. Afterwards, she maintains that law enforcement officers conspired to misrepresent the facts of the shooting and obstruct a criminal investigation. *Id.*

Senegal therefore brings this suit for damages, pursuant to 42 U.S.C. § 1983 and state tort law, against the Beauregard Parish Sheriff's Office, the City of DeRidder, several officers in their individual capacity, and defendant John Gott, DeRidder Chief of Police, "in his official capacity." *Id.* at 2–3, 10–15.

Gott now brings the instant motion to dismiss [doc. 19], alleging that Senegal cannot maintain a cause of action against him in his official capacity and that the claim against him should thus be dismissed with prejudice, at Senegal's cost. *See* doc. 19, att. 1. Senegal opposes the motion. Doc. 25.

## II.
### LEGAL STANDARDS

### A. *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not

to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### B. Section 1983

To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). Supervisory officials cannot be held liable under § 1983 on a theory of vicarious or respondeat superior liability. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Instead, the plaintiff must establish that the defendant was personally involved in the violation or that his wrongful actions caused the violation. *Collin County*, 535 F.3d at 373. A city likewise may not be held liable under a theory of respondeat superior, but it is liable for a deprivation of rights "caused by action taken pursuant to an official municipal policy." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (internal quotations omitted). Meanwhile, when a plaintiff sues a municipal or county official in his official capacity, the municipality or county is liable for the resulting judgment. *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Accordingly, suits against government defendants in their official capacities "are typically an alternative means of pleading an action against the governmental entity involved." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996) (citing *Hafer v. Melo*, 112 S.Ct. 358, 361 (1991)); *see, e.g.*, *Hernandez v. Theriot*, 38 F.Supp.3d 745, 746 (M.D. La. 2014) ("A suit against a municipal Police Chief in his/her office capacity is a suit against the municipality.")

## III.
### APPLICATION

In this matter, as Gott notes, the amended complaint clearly states that Gott is being sued in his official capacity as chief of the DeRidder Police Department and employer of Officer Josh Standford, with no mention of individual/personal capacity. Doc. 11, p. 3. The other individual defendants are mostly officers of the Beauregard Parish Sheriff's Office, but defendant Josh Standford is an officer of the DeRidder Police Department and is named in his individual capacity. *Id.* at 2–3.

The only other mention of Gott within the amended complaint is as follows:

<u>COUNT VIII.</u>

29.

> DeRidder Chief of Police John Gott is responsible for the hiring and adequately [*sic*] training of his employees. Specifically, John Gott either hired, or maintained in his employ, Josh Standfor [*sic*]. Said hiring, entrustment, and lack of training are the direct and proximate cause of Eric Senegal's death.

*Id.* at 13. Senegal has also names the City of DeRidder as a defendant and alleges under the next count that the city is liable under Louisiana law, through a theory of respondeat superior, for the tortious conduct of its employees. *Id.* at 14. Count IX is the only one of the eleven counts in the complaint in which the City of DeRidder is named. *See id.* at 10–15.

Gott thus maintains that the claim raised against him is actually a claim against the city. We agree. The claim made is one against Gott in his official capacity rather than personal/individual capacity. This claim should thus be dismissed.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 19] be **GRANTED** and that the claim asserted here against Gott in his official capacity be **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE