UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COURTNEY SENEGAL, ET AL.** | : | **DOCKET NO. 16-cv-1756** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **BEAUREGARD PARISH SHERIFF'S OFFICE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6) and a Motion for a More Definite Statement pursuant to Rule 12(e) [doc. 17], filed by the City of DeRidder ("the City"). The motions were filed in response to the amended civil rights complaint brought by plaintiff Courtney Senegal ("Senegal"), individually and on behalf of the estate of her husband, Eric Senegal ("decedent"), against the Beauregard Parish Sheriff's Office, the City, and several officers. Doc. 11. Senegal opposes the motions. Doc. 24.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss be **DENIED** and the Motion for a More Definite Statement be **GRANTED**, as described below.

**I.**
**BACKGROUND**

This suit arises from a no-knock warrant issued on January 4, 2016, for the search of decedent's home in Ragley, Louisiana. Doc. 11, pp. 4–6. Senegal alleges that the warrant was obtained based on misrepresentations in the affidavit and that, even with these misrepresentations,

the affidavit failed to establish a basis for probable cause. *Id.* at 4–9. During the execution of that search warrant, she alleges that law enforcement officers forcibly entered the decedent's home and fired numerous shots which fatally wounded the decedent and his dog. *Id.* at 9. Afterwards, she maintains that law enforcement officers conspired to misrepresent the facts of the shooting and obstruct a criminal investigation. *Id.*

Senegal therefore brings this suit for damages, pursuant to 42 U.S.C. § 1983 and state tort law, against the Beauregard Parish Sheriff's Office, the City, and several officers of the Beauregard Parish Sheriff's Office and DeRidder Police Department. *Id.* at 2–3, 10–15.

The City now brings the instant motions, maintaining that Senegal fails to state a claim upon which relief may be granted and that, alternatively, the complaint is unclear as to the basis for the City's liability and must be amended.

## II.
### LEGAL STANDARDS

### A. *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2

(W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

If a plaintiff's claims are dismissed under Rule 12(b)(6), it is the policy of the federal courts to permit liberal amendment under Federal Rule of Civil Procedure 15 in order "to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).

### B. Rule 12(e)

Under Rule 8 of the Federal Rules of Civil Procedure, a claim for relief must contain, among other things, a short and plain statement of the claim showing that the pleader is entitled to relief. This statement must contain enough facts to "state a claim for relief that is plausible on its face," though it need not contain detailed factual allegations in order to survive a motion dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65, 1974 (2007).

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement on a pleading to which a response is allowed. FED. R. CIV. P. 12(e). Such motions should not be used as a substitute for discovery and are generally disfavored due to the liberal pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Rather, Rule 12(e) allows defendants to request clarification when the pleadings do not specify the allegations in a manner that provides sufficient notice to the defense. *Swierkiewicz v. Sorema, N.A.*, 122 S.Ct. 992, 998 (2002). "Rule 12(e) motions, though disfavored, are necessary when the pleadings are unintelligible rather than suffer from a want of detail." *Tipton v. Reynolds*, 2013 WL 4854372, *2 (E.D. La. Sep. 10, 2013) (citations omitted). The decision to grant a Rule 12(e) motion is within the discretion of the trial

court, and such motions are "universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Newcourt Leasing Corp. v. Regional Bio-Clinical Laboratory, Inc.*, 2000 WL 134700, *1 (E.D. La. Feb. 1, 2000) (citation omitted).

### C. Section 1983

To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). Supervisory officials cannot be held liable under § 1983 on a theory of vicarious or respondeat superior liability. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Instead, the plaintiff must establish that the defendant was personally involved in the violation or that his wrongful actions caused the violation. *Collin County*, 535 F.3d at 373. A city likewise may not be held liable under a theory of respondeat superior, but it is liable for a deprivation of rights "caused by action taken pursuant to an official municipal policy." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (internal quotations omitted).

## III.
### APPLICATION

The City points out that only one of the eleven counts in the complaint specifically mentions liability on its (the City's) part. That count reads:

### COUNT IX

30.

> Under Louisiana law, the negligent and civilly unlawful conduct of the employees and agents of the city of DeRidder Louisiana for violations of Louisiana law, renders . . . DeRidder Louisiana *respondeat superior* liable for the tortious conduct of the defendants and for all compensatory damages suffered by Eric Senegal.

Doc. 11, p. 14. Under Counts X and XI, Senegal also claims that unspecified defendants are liable for damages for wrongful death and pain and suffering, under state tort law and 42 U.S.C. § 1983. *Id.* at 14–15.

As noted above, claims cannot be maintained against a municipality under § 1983 on the basis of respondeat superior. Furthermore, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of state tort law." *Baker v. McCollan*, 99 S.Ct. 2689, 2695 (1979). A tort does not become a constitutional violation merely because the tortfeasor is a state actor. *See id.* at 2696.

There is no mention in the complaint of municipal liability under § 1983 or any constitutional violation directly inflicted by the City of DeRidder. Accordingly, and notwithstanding the claims currently raised against DeRidder Chief of Police John Gott and addressed in our accompanying Report and Recommendation, it appears that Senegal only intends to bring tort claims against the City. The City presents no real obstacle to this, except to remark that Senegal may not seek punitive damages from the City if she proceeds under § 1983. *See City of Newport v. Facts Concerts, Inc.*, 101 S.Ct. 2748, 2762 (1981) (municipalities immune from punitive damages under § 1983). Additionally, it is well established under Louisiana law that punitive damages may not be recovered in a civil case unless specifically authorized by statute, and the City shows no statutory basis for punitive damages. *E.g.*, *Dugas v. City of Ville Platte*, 2017 WL 4248091, *3 (W.D. La. Aug. 28, 2017). However, there is no indication from the amended complaint that punitive damages are sought from the City – indeed, the sole count mentioning the City's liability specifically states that it is vicariously liable for the **compensatory** damages suffered by decedent, and the other two counts speaking of defendants generally do no

mention punitive damages. Thus, the City shows no grounds for dismissal or striking Senegal's claims for damages.

Finally, as the City notes, the City is not listed within the prayer for relief. *See* doc. 11, p. 15. Although Counts IX through XI specify the bases on which Senegal would hold the City liable [*id.* at 14–15], Senegal must still include the City in her Prayer for Relief and specify the damages sought from it. Accordingly, the Motion for a More Definite Statement should be granted in this regard.

### IV.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 19] be **DENIED** and the Motion for a More Definite Statement [doc. 19] be **GRANTED**. Senegal should amend her complaint as described above within 30 days of a judgment adopting this Report and Recommendation to provide a more definite statement as to her requested relief from the City of DeRidder.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE