UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COURTNEY SENEGAL** | : | **DOCKET NO. 2:16-cv-1756** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **RICKY MOSES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [doc. 68], filed by defendant Joshua Stanford ("Stanford") in the civil rights and tort action brought by Courtney Senegal ("Senegal"/"plaintiff"), individually and as administrator of the estate of Eric Senegal ("decedent"). Senegal has filed no opposition to either motion and her time for doing so has passed. Accordingly, the motion is regarded as unopposed. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I.
### BACKGROUND

This action arises from the decedent's death during the execution of a no-knock search warrant at the decedent's home in Ragley, Louisiana, allegedly committed by members of the Beauregard Parish Narcotics Task Force ("NTF") and Beauregard Parish SWAT Team on the night of January 4, 2016. Doc. 49, pp. 4–10. The warrant was allegedly obtained by members of the NTF based on uncorroborated and unreliable sources, and without a risk assessment performed by any member of the NTF to determine the need for applying for a "no-knock" warrant. *Id.* at 5–6. The plaintiff asserts that defendants are therefore liable for forcibly entering the decedent's home on

the night of January 4, 2016, and firing numerous shots, which fatally wounded the decedent and his dog. *Id.* at 6–7.

The plaintiff, who is the surviving spouse of the decedent, filed suit in this court against several defendants, including DeRidder Police Officer Joshua Stanford. *See* doc. 1. In her second amended complaint, she seeks to hold Stanford personally liable under 42 U.S.C. § 1983 and state tort law based on Stanford's alleged presence during the execution of the warrant and involvement in the NTF, which plaintiff maintains had a policy of requesting "no-knock" warrants without making necessary constitutional inquiry.[1] Doc. 49, pp. 4–16. Stanford filed an unopposed motion for summary judgment [doc. 58], which the undersigned recommended be granted based on Senegal's inability to show Stanford's personal involvement in the planning or execution of the warrant. Doc. 64. The court adopted that report and recommendation on May 23, 2018, and dismissed all claims against Stanford. Doc. 65.

Claims remain against several other defendants, all of whom have made appearances in this matter. Stanford now brings the instant Motion for Entry of Judgment under Rule 54(b), seeking to have the court's judgment of May 23, 2018, designated as final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b). Doc. 68.

## II.
## LAW & APPLICATION

The appellate jurisdiction of the United States Courts of Appeals is limited, except where otherwise provided by statute, to final judgments of the district courts. *See* 28 U.S.C. § 1291. Rule 54(b) handles the finality of judgments in cases involving multiple claims and/or parties, and allows that the court handling such an action "may direct entry of a final judgment as to one or

---

[1] Senegal alleges that Stanford, along with others, failed to provide appropriate assistance to the decedent, failed to preserve the crime scene, and obstructed the criminal investigation. Doc. 49, pp. 9–10. However, she does not raise any claims based on these allegations. *See id.* at 11–15.

more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for the delay." Fed. R. Civ. P. 54(b). Otherwise, the rule continues, "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time" before entry of a judgment on all claims and all parties' rights and liabilities. *Id.*

In weighing a request for entry of final judgment under Rule 54(b), the court should conduct a two-step inquiry. *Curtiss-Wright Corp. v. General Electric Co.*, 100 S.Ct. 1460, 1464–65 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 76 S.Ct. 895 (1956)). First, it should determine whether it is dealing with a final judgment – i.e., a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and one that is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 1464 (internal quotations omitted).

If the motion deals with a final judgment, the court determines "whether there is any just reason for delay." *Id.* at 1464–65. In this sense the district court must act as "dispatcher" in order to determine when each final decision in a multi-claim action is ready for review, and should make such determinations "in the interest of sound judicial administration" as well as out of concern for the equities involved. *Id.* at 1465. Though Rule 54(b) requests should not be granted routinely, the decision is left to the district court's "sound judicial discretion." *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss-Wright Corp.*, 100 S.Ct. at 1465).

Here the court's order of May 23, 2018, was evidently a final judgment because it disposed of the claims raised against Stanford. Accordingly, the only remaining question is whether there is any reason to delay finalization of that judgment until the remaining claims have been disposed of. The courts have long recognized "the historic federal policy against piecemeal appeals."

*Curtiss-Wright Corp.*, 100 S.Ct. at 1465 (quoting *Mackey*, 76 S.Ct. at 901)). Where, however, the unresolved claims shared factual and legal issues with the dismissed claims but involved different parties, the Fifth Circuit determined that entry of Rule 54(b) certification over the dismissed claims "was neither unreasonable nor an abuse of discretion." *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1225 (5th Cir. 1992).

In this matter, claims against other defendants share factual and legal issues with the claims brought against Stanford. However, none of those defendants has yet sought summary judgment and trial in this matter has not even been scheduled, making the extent of piecemeal appeals unknowable while the likely delay until final judgment on all claims appears significant. As Stanford points out, absent a Rule 54(b) certification he would have await final resolution of the remaining defendants' claims in order to learn whether plaintiff will appeal the order dismissing the claims against him, in which case he could be brought back into this suit years later to continue litigating his claims. Doc. 68, att. 2, pp. 4–5. Accordingly, the balance of interests favors certification of the court's May 23, 2018, order as a final, appealable judgment.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Entry of Judgment [doc. 68] be **GRANTED** and that the court's judgment of May 23, 2018 [doc. 65] be designated as final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE this 16th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE