# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COURTNEY SENEGAL** | : | **DOCKET NO. 2:16-cv-1756** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **RICKY MOSES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) [doc. 78], filed by defendant John Gott ("Gott") in the civil rights and tort action brought by Courtney Senegal ("Senegal"/"plaintiff") individually and as administrator of the estate of Eric Senegal ("decedent"). Senegal has filed no opposition to the motion and her time for doing so has passed. Accordingly, the motion is regarded as unopposed. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

This action arises from the decedent's death during the execution of a no-knock search warrant at his home in Ragley, Louisiana, allegedly committed by members of the Beauregard Parish Narcotics Task Force ("NTF") and Beauregard Parish SWAT Team on the night of January 4, 2016. Doc. 49, pp. 4–10. The warrant was allegedly obtained by members of the NTF based on uncorroborated and unreliable sources, and without a risk assessment performed by any member of the NTF to determine the need for applying for a "no-knock" warrant. *Id.* at 5–6. The plaintiff

asserts that defendants are therefore liable for forcibly entering the decedent's home on the night of January 4, 2016, and firing numerous shots, which fatally wounded the decedent and his dog. *Id.* at 6–7.

The plaintiff, who is the surviving spouse of the decedent, filed suit in this court against several defendants, including DeRidder police chief John Gott in his official capacity and the City of DeRidder. *See* docs. 1, 11. Gott filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), alleging that the claims asserted against him were duplicative of plaintiff's claims against the City of DeRidder. Doc. 19. The court agreed and the motion was granted by adoption of the undersigned's report and recommendation on December 13, 2017. Docs. 35, 42.

Claims remain against several other defendants, all of whom have made appearances in this matter, and a jury trial is set for December 9, 2019. *See* doc. 77. Gott now brings the instant unopposed Motion for Entry of Judgment under Rule 54(b), seeking to have the court's judgment of December 13, 2017, designated as final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b). Doc. 78.

## II.
### LAW & APPLICATION

The appellate jurisdiction of the United States Courts of Appeals is limited, except where otherwise provided by statute, to final judgments of the district courts. *See* 28 U.S.C. § 1291. Rule 54(b) handles the finality of judgments in cases involving multiple claims and/or parties, and allows that the court handling such an action "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for the delay." Fed. R. Civ. P. 54(b). Otherwise, the rule continues, "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties

and may be revised at any time" before entry of a judgment on all claims and all parties' rights and liabilities. *Id.*

In weighing a request for entry of final judgment under Rule 54(b), the court should conduct a two-step inquiry. *Curtiss-Wright Corp. v. General Electric Co.*, 100 S.Ct. 1460, 1464–65 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 76 S.Ct. 895 (1956)). First, it should determine whether it is dealing with a final judgment – i.e., a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and one that is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 1464 (internal quotations omitted).

If the motion deals with a final judgment, the court determines "whether there is any just reason for delay." *Id.* at 1464–65. In this sense the district court must act as "dispatcher" in order to determine when each final decision in a multi-claim action is ready for review, and should make such determinations "in the interest of sound judicial administration" as well as out of concern for the equities involved. *Id.* at 1465. Though Rule 54(b) requests should not be granted routinely, the decision is left to the district court's "sound judicial discretion." *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002) (quoting *Curtiss-Wright Corp.*, 100 S.Ct. at 1465).

Here the December 2017 ruling granting of Gott's motion to dismiss was evidently a final judgment because it disposed of the claims raised against that party. Accordingly, the only remaining question is whether there is any reason to delay finalization of that judgment until the remaining claims have been disposed of. The courts have long recognized "the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp.*, 100 S.Ct. at 1465 (quoting *Mackey*, 76 S.Ct. at 901)). Where, however, the unresolved claims shared factual and legal issues with the dismissed claims but involved different parties, the Fifth Circuit determined that entry of Rule

54(b) certification over the dismissed claims "was neither unreasonable nor an abuse of discretion." *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1225 (5th Cir. 1992).

In this matter, the claims against Gott were dismissed because they are more properly asserted against the City of DeRidder, which is still a party to the suit and may still be found liable regardless of Gott's presence. Absent a Rule 54(b) certification, Gott would have to await final resolution of the remaining defendants' claims in order to learn whether plaintiff will appeal the order dismissing the claims against him, in which case he could be brought back into this suit years later to continue litigating his claims. Accordingly, the balance of interests favors certification of the court's judgment dismissing claims against Gott as a final, appealable judgment.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Entry of Judgment [doc. 78] be **GRANTED** and that the court's judgment of December 13, 2017 [doc. 42] be designated as final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 27th day of December, 2018.

_____

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE