UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COURTNEY SENEGAL** | : | **DOCKET NO. 2:16-cv-1756** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **RICKY MOSES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an unopposed Motion for Summary Judgment [doc. 82] filed by defendant the City of DeRidder. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

This matter arises from a civil rights and tort action filed by plaintiff Courtney Senegal ("plaintiff"), individually and as administrator of the estate of her husband, Eric Senegal ("decedent"). The suit relates to the decedent's death during the execution of a no-knock search warrant at his home by members of the Beauregard Parish Narcotics Task Force, comprising law enforcement officers from the Beauregard Parish Sheriff's Office and the DeRidder Police Department. *See* docs. 1, 11, 49 (original and amended complaints). Since that time, the court has granted summary judgment and dismissed all claims against Officer Joshua Stanford and Chief of Police John Gott of the DeRidder Police Department. *See* docs. 35 & 42 (Gott); docs. 64 & 65 (Stanford). At the respective defendants' unopposed motions, the court certified these judgments as final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b), on

September 7, 2018 (Stanford), and January 22, 2019 (Gott). Docs. 65, 81. Appeal delays have now run on those judgments and so they are deemed final.

The only claims asserted against the City of DeRidder ("the City") are those premised on municipal liability for civil rights violations under 42 U.S.C. § 1983 and vicarious liability and negligent hiring and training under state tort law. *See* doc. 49. The City now moves for summary judgment on these claims. Plaintiff does not oppose the motion and her time for doing so has passed. Accordingly, the motion is regarded as unopposed and is now ripe for review.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110

(2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
#### APPLICATION

*A. Municipal Liability*

As the City notes, municipal liability under § 1983 is not available under a theory of respondeat superior. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). It also requires a showing of deliberate indifference and will not be found based on "mere negligence." *Id.* at 579; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990). Instead, municipal liability requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (citing *Monell v. Dep't of Soc. Svcs.*, 98 S.Ct. 2018 (1978)). "The three attribution principles . . . are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id.*

Plaintiff fails to draw a connection between any official policy of the City and the execution of the search warrant. Her negligence claims are insufficient as a matter of law to provide a basis for municipal liability, and she alleges no facts that would support an allegation of deliberate indifference. Accordingly, there is no basis for imposing municipal liability against the city under § 1983 and these claims must be dismissed.

### B. *Tort Claims*

Senegal's tort claims against the City are premised on its vicarious liability for the individual defendants' actions and on negligent hiring and training of DeRidder Police Department officers. As the City points out, however, the dismissal of claims against the alleged individual tortfeasors renders the claims for vicarious liability moot. *Shepherd v. City of Shreveport*, 2018 WL 1513679, at *10 (W.D. La. Mar. 27, 2018) (citing *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 Fed. App'x 578 (5th Cir. 2012)) (unpublished)). Accordingly, plaintiff cannot show a right to relief against the City under this theory.

As for the negligent hiring and training claims, the City is only alleged to be the employer of defendants Stanford and Gott. *See* doc. 49, p. 3. Gott was named in his official capacity as Chief of Police, and this court granted summary judgment to him on the grounds that the claims against him were more appropriately asserted against the municipality. Docs. 35, 42. Stanford was named in his individual capacity. Doc. 49. All claims against him were dismissed at his motion upon a showing that he did not prepare the warrant, participate in the team that made the initial entry into the Senegal home, or fire a shot during the execution of the warrant. Docs. 64, 65. Plaintiff fails to otherwise connect the decedent's death to any action by Stanford, Gott, or any other employee of the City. Accordingly, she cannot show that the City's alleged negligence in hiring or training caused her injuries and the City is likewise entitled to judgment as a matter of law on these claims.

### IV.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 82] be **GRANTED** and that all claims against the City of DeRidder be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE