UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**COURTNEY SENEGAL, ET AL.** : **CIVIL ACTION NO. 16-cv-1756**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**BEAUREGARD PARISH, ET AL.** : **MAGISTRATE JUDGE KAY**

### MEMORANDUM ORDER

Before the court is a Motion to Compel [doc. 116] filed by plaintiff Courtney Senegal ("Senegal"). Defendants Berry Thompson and Saul Wilson (collectively, "Defendants") oppose the motion. Doc. 120.

This suit arises out of a complaint filed by plaintiff Senegal, individually and on behalf of Eric Senegal, against the Beauregard Parish Sheriff's Office ("BPSO"), the City of DeRidder, and several BPSO officers which seeks recovery for alleged civil rights violations occurring during the execution of a search warrant. Doc. 11. BPSO and the City of DeRidder have since been terminated from the suit. Docs. 40, 85.

On April 16, 2021, plaintiff filed a Motion to Compel Discovery against defendants. Doc. 116. According to the motion and supporting memorandum, defendants Barry Thomas,[1] Saul Wilson and Ricky Moses[2] failed to respond to discovery propounded to them on April 20, 2020.

---

[1] There is no record of anyone named Barry Thomas being named in this suit. We will assume that plaintiff stated this in error, as the attached discovery is directed at correctly named defendant Berry Thompson. Doc. 116, att. 2, 3.

[2] Again, this statement seems to be made in error. The attached discovery at issue contains no discovery pointed at Ricky Moses. The discovery is only directed towards Berry Thompson and Saul Wilson. See Doc. 116, att. 2, 3. Additionally, the responses provided by defendants contain responses only from Berry Thompson and Saul Wilson [doc. 120, att. 1] and the opposition to the Motion to Compel was only filed on these parties' behalf, with no mention of Ricky Moses. See. Doc. 120.

-1-

Doc. 116, att. 1, p. 1. The discovery at issue consists of interrogatories and requests for production. Doc. 116, att. 2.

At the time this discovery was propounded, defendants were represented by other counsel, since withdrawn. *See* Doc. 108. Current counsel enrolled January 5, 2021 [*Id*] and, on that same day, current counsel participated in a status conference with the court and the issue of the outstanding discovery was discussed. Doc. 109. At this time, new counsel, Mr. Arcuri, indicated to the court that he would locate the information sought and confer with his client to determine whether there was any issue in its production. *Id*. This court stated that, should the parties be unable to resolve the issue informally, then a Motion to Compel or Motion for Protective Order should be filed. *Id*.

Another status conference took place on March 31, 2021. Defendant alleges that no concerns were made known to the court by plaintiff regarding this discovery. Doc. 114. Plaintiff's position, however, is that at this time, the parties confirmed that there had been an outstanding discovery issue but, through agreement, defendants were expected to respond to the discovery by April 5, 2021. Doc. 116, att. 1, p. 1.

The current Motion to Compel was filed on April 16, 2021. Doc. 116. Defendants filed their opposition to the Motion on May 21, 2021.[3] Doc. 120. Defendants submits that they responded with the requested discovery on the same day as their opposition was filed. Doc. 120, p. 2. They state that the only remaining contested issue is discovery of the identity of a confidential informant. In the discovery propounded, plaintiff seeks the identity, address, and any and all files pertaining to the identity, work history, and informant history of the confidential informant referenced in Officer Berry Thompson's application for the search warrant of Eric Senegal's

---

[3] Prior to filing their Opposition, defendants filed a Motion for Extension of time on May 7, 2021 [doc. 118], which this court granted. Doc. 119.

residence. Doc. 120, att. 1, pp. 1, 5, 8, 11. Defendants have invoked the informer's privilege and have thus declined to disclose the informant's identity in their discovery responses. *Id.* at p. 1, 5, 8, 12. Accordingly, defendants request that this court deny the current motion as moot and the parties instead be allowed to brief what they argue is the only remaining issue, the informer's privilege, to the extent it is necessary. Doc. 120, p. 3. Plaintiff has not filed any such reply addressing these allegations. A status conference was held between this court and the parties on December 14, 2021, at which time the parties agreed that the only remaining discovery issue is that of the identification of the confidential informant.

Being that defendants invoked the informer's privilege in their responses and mentioned such in their opposition and plaintiff failed to file a reply addressing the issue, we see no reason why the issue is not ripe for review in its present state.

The informer's privilege is the government's privilege to withhold disclosure of identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 77 S.Ct. 623, 627 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. "Where disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. at 628. In making these decisions, the Court in *Roviaro* implemented a balancing test, whereby the public interest in protecting the flow of information must be weighed against the individual's right to prepare his case. *Id*.

In this case, the informant is alleged to have been referenced in the application used to obtain the "no knock" search warrant for Eric Senegal's residence. According to plaintiff's second amended complaint, the application stated that "Deputy Berry Thompson received 'reliable' information from a confidential informant ("CI") that Eric Senegal sold the CI marijuana" on a previous occasion. Doc. 49, p. 5. The complaint further states that the application failed to include that Thompson was unable to corroborate any of the information provided by the CI, that an attempt by the CI and Thompson to set up a controlled buy had failed, and that no other credible evidence had ever been supplied to support the notion that the information obtained from the CI was "reliable." *Id*. at pp. 5-6. It is alleged that Thompson's search warrant affidavit was invalid in establishing probable cause because of these purported deficiencies, among others.

In defending their invocation of the informer's privilege, defendants state that disclosure of the name of the confidential informant would have a significant chilling effect on both current and future informants' willingness to provide information to law enforcement and would further subject both this informant and potentially others to risk of harm. They state that the identity of the informant is not relevant any claim or defense of any party and that the informant is not now or contemplated to be a Doe defendant in this matter. Doc. 120, att. 1, pp. 1, 5, 8, 12.

There is ample authority for the proposition that the strength of the privilege is greater in civil litigation than in criminal. *See United States v. Carey*, 272 F.2d 492, 493 (5th Cir. 1959). It is apparently plaintiff's position that the identity of the informant is required in order to attack the validity of the search warrant, both for purposes of reliability and the alleged omissions from the application. However, "the rule is well-established that the Government need not disclose the identity of an informer when the sole purpose to be served is to attack the probable cause supporting a search warrant." *U.S. v. Mendoza*, 433 F.2d 891, 894 (5th Cir. 1970). Indeed, most

of the federal cases which limit the scope of the informer's privilege have arisen where the legality of a search *without* a warrant is in issue and the communications of an informer are claimed to establish probable cause. *Roviaro,* 77 S.Ct. at 628 (emphasis added). Such is not the case here. The fact that plaintiff challenges the informant's reliability and omissions allegedly made in the warrant application does not justify the compelled disclosure of the informant's identity. We note that the information obtained from the informant is not the only information alleged to be relied upon in Thompson's application and that the applicant for the warrant is a named defendant. Thus, plaintiff has the utmost ability to adequately prepare her case without necessity of the informant's identity. For these reasons, we find that the informer's privilege applies.

Accordingly,

As it relates to the discovery which has been responded to, the Motion to Compel is **DENIED** as moot.

As it relates to the disclosure of the confidential informant, the Motion to Compel is **DENIED**.

THUS DONE AND SIGNED in Chambers this 15th day of December, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE